IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

LaSALLE DUDLEY,

    Plaintiff-Appellant,

Vs.

RAYE P. DUDLEY,

    Defendant-Appellee.

FROM THE SHELBY COUNTY
CHANCERY COURT No. 023348-3
The Honorable D. J. Alissandratos,
Chancellor

C.A. No. 02A01-9705-CH-00104

*REVERSED IN PART, AFFIRMED
IN PART*

David E. Caywood, Marc E. Reisman
Causey, Caywood, Taylor, McManus
& Bailey of Memphis, For Appellant

Sherrie Miller of Memphis, For
Appellee

**FILED**

**November 12, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]

_____

*CRAWFORD, J.*

    This is a divorce case. Appellant Lasalle Dudley appeals the order of the trial court awarding ex-wife Raye Dudley alimony *in futuro* of $250 per month and $2,500 in attorney fees.

    The parties were married in July 1961 and separated in June 1993 after nearly thirty-two years of marriage. Mr. Dudley filed a Complaint for Divorce in October 1993 alleging irreconcilable differences. Mrs. Dudley filed an Answer and Counter-Complaint for Divorce alleging that Mr. Dudley was guilty of inappropriate marital conduct and adultery. On December 8, 1993, the Shelby County Divorce Referee ordered Mr. Dudley to pay temporary alimony in the amount of $600 per month, which he paid to Mrs. Dudley until the trial on November 28, 1995. The trial court granted Mrs. Dudley an absolute divorce on January 23, 1996 on the grounds of inappropriate marital conduct. The final decree, *inter alia,* awarded Mrs. Dudley the marital residence which had equity of $73,200; one of the three automobiles owned by the Dudleys (value=$5,000); and 80% of the home furnishings. Mr. Dudley received the additional two autos (aggregate value = $5,000) and 20% of the home furnishings. Each party kept their respective retirement funds. In addition, Mrs. Dudley was awarded alimony *in futuro* in the amount of $250 per month as well as $2,500 in attorney fees.

    Mr. Dudley appeals the judgment of the trial court awarding alimony *in futuro* and

_____

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

attorney fees. He asserts that Mrs. Dudley only sought alimony *in solido* in the amount of $14,400.00 to be paid $600.00 per month for 24 months, and there was no showing of a need for alimony *in futuro*. Mr. Dudley also asserts that it was improper to award Mrs. Dudley attorney fees when she was awarded a disproportionate share of the marital property and had sufficient funds to pay her own fees.

Affidavits filed before trial showed Mr. Dudley's net income to be $1,869[2] per month and his expenses to be $1,931--thus leaving a $62 monthly deficit. Mrs. Dudley's net income was $2,081 per month and her expenses were listed as $2,220--thus leaving a $139 monthly deficit.

There is no transcript of the proceeding, but a Statement of Evidence and Proceedings was filed pursuant to T.R.A.P. 24(c). The statement provides in substantial part as follows:

> This divorce case came on to be heard in Part III of the Chancery Court of Shelby County, Tennessee on November 28, 1995. The parties stipulated to grounds allowing Mrs. Dudley to receive an Absolute Divorce on grounds of inappropriate marital conduct. Lasalle Dudley admitted to committing adultery during the marriage.
>
> At the hearing on this matter, no witnesses took the stand and no Exhibits were introduced into evidence. The Chancellor reviewed the pay records of both parties, the attendance records of Mrs Dudley, a real estate appraisal performed on the parties' marital residence, documents relating to the parties' retirement benefits, and the deposition of Dr. Keith Dawson Williams which was filed with the Court. The pay records and retirement/pension documents reviewed by the Court were documents subpoenaed during the pendency of the trial. They did not reflect the actual information as of the date of trial. Mr. Dudley's pay and retirement/pension records were accurate as of August, 1994. Mrs. Dudley's pay and retirement/pension records were accurate as of March, 1995. counsel for Mrs. Dudley subpoenaed the Keeper of Records for the United States Post Office to bring updated information on the payroll and retirement/pension benefits of Mr. Dudley to trial, but the Keeper of Records did not appear. The Court also reviewed the pleadings in the Record including the Affidavits submitted by the parties, their Pre-Trial Memoranda and their Proposed Rulings. There was no Court Reporter present at the hearing.
>
> The parties in this case were married on July 22, 1961. There were no minor children at the time of trial. At the time of trial, Mrs. Dudley was 55 years old and Mr. Dudley was 56 years old.
>
> The parties owned one piece of real estate, the marital residence, located at 1025 Bluebird Road in Memphis, Tennessee. The parties agreed at trial that the value of the marital residence was $170,000.00. There were two mortgages resulting in the house having an approximate equity of $73,200.00. The house has

---

[2] In the affidavit filed with the court, Mr. Dudley's net income was listed as $1,994.00 per month. This amount was miscalculated. Applying the income, tax and social security figures provided, the correct amount should be $1,869.38.

four bedrooms, three baths and over 4,000 square feet of living area. The monthly note on the first mortgage was $1,035.00 and the monthly note on the second mortgage was $150.00.

The Trial Court ordered Mr. Dudley to pay eighty percent (80%) of the marital debt, excluding debts relating to the marital residence. Mrs. Dudley was awarded the marital residence. There were no other marital debts at the time of trial.

During the marriage, Mrs. Dudley developed spinal stenosis. The deposition of her treating physician, Dr. Keith Williams, spine surgeon at Campbell Clinic in Memphis Tennessee, was taken on August 1, 1995 and the deposition was filed with and considered by the Trial Court. The Deposition is part of the Trial Record and will be part of the Record on Appeal. Dr. Williams testified, in part, that Mrs. Dudley had a 26% impairment rating to the body as a whole.

Each party was allowed to retain their own respective retirement/pension benefits.

Mrs. Dudley was awarded eighty percent (80%) of the household furnishings.

Mrs. Dudley began working for Federal Express in 1984. Mrs. Dudley has retirement benefits through Federal Express including a pension, a 401K retirement plan, a stock purchase plan, a profit sharing plan and an optional savings plan. The value of Mrs. Dudley's retirement/pension benefits as shown on the documents presented to the Court were as follows: Profit Sharing Plan - $789.79; Retirement Savings Plan - $14,331.59; employee Stock Ownership Plan - $830.76. According to the documents, if Mrs. Dudley were to elect to receive payments at her normal retirement date of October 1, 2000, the monthly accrued benefit payable as a life annuity would be $431.33 giving this benefit a present value of $42,948.00. The year prior to separation, Wife earned approximately $26,000.00.

The documents subpoenaed by counsel for Mrs. Dudley and presented to the Court showed Mr. Dudley had a retirement account through his employer the Memphis Bulk Mail Center of the United States Post Office, which had a value of $12,992.00. This value was as of August 11, 1994. The year prior to the parties' separation, Husband earned approximately $52,000.00.

The Court in making its ruling, specifically stated that it was considering the length of the marriage of the parties, the relative earning capacity of the parties, the health of the parties, and the fault of the parties.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. T.R.A.P. 13(d). However, the only factual finding evident in the divorce decree is that the trial court found that the facts alleged in the Counter-Complaint were true as to the necessary elements for a divorce on grounds of inappropriate marital conduct. Without findings of fact made by the trial court, a presumption of correctness cannot attach. *Kelly v. Kelly*, 679 S.W.2d 458, 460 (Tenn.

App. 1984).

The factors used to determine the proper amount of maintenance and support are found in T.C.A. § 36-5-101(d) (1996). "As a general matter, the courts set the amount of a support award based on the needs of the innocent spouse and on the ability of the obligor spouse to pay." *Batson v. Batson*, 769 S.W.2d 849, 861 (Tenn. App. 1988). If one spouse is economically disadvantaged compared to the other, the courts are generally inclined to provide some type of support. T.C.A. § 36-5-101(d).

The Statement of Evidence and Proceedings establishes that the trial court stated specifically that it considered the length of the marriage of the parties, their relative earning capacity, the health of the parties, and the fault attributable to each. The trial court has broad discretion in awarding alimony, and there is nothing in the record to indicate that the trial court did not consider the proper factors. Upon review of the facts in evidence we find no abuse of discretion in awarding alimony *in futuro* in this case in the amount of $250 per month.

Mr. Dudley's next contention on appeal is that the trial court erred in awarding Mrs. Dudley $2,500 in attorney fees. Attorney fee awards are treated as alimony. In determining whether to award attorney fees, the trial court should again consider the relevant factors in T.C.A. § 36-5-101(d)(1). *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. App. 1995). However, if the final decree awards wife sufficient funds out of which her needs and attorney fees can be reasonably met, then an award of attorney fees is inappropriate. *Wade v. Wade*, 897 S.W.2d 702 (Tenn. App. 1994). In the case at bar, Mrs. Dudley was awarded the vast majority of the marital estate. Considering the disproportionate distribution of marital property, we do not believe an award of attorney fees is justified.

The decree of the trial court awarding attorney fees is reversed, and the decree is, in all other respects, affirmed. Costs of appeal are assessed equally between the parties.

_____
**W. FRANK CRAWFORD**
**PRESIDING JUDGE, W.S.**

CONCUR:


_____
**DAVID R. FARMER, JUDGE**


_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**

4